1  PHILLIP A. TALBERT
   United States Attorney
2  LAURA JEAN BERGER
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,        | CASE NO.  1:21-CR-00177-DAD-BAM
12 |                        Plaintiff, | STIPULATION REGARDING EXCLUDABLE
                                        | TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |              v.                    | ORDER
14 | JESUS MANUEL MORFIN VILLA, ET AL., | DATE: July 13, 2022
                                        | TIME: 1:00 p.m.
15 |                     Defendants.    | COURT: Hon. Barbara A. McAuliffe
16

17                        **BACKGROUND**

18         This case is set for a status conference on July 13, 2022.  On May 13, 2020, this Court issued

19 General Order 618, which suspends all jury trials in the Eastern District of California "until further

20 notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,

21 excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

22 on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

23 General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

24 exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

25 counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

26 impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous

27 General Orders were entered to address public health concerns related to COVID-19.

28         Although the General Orders address the district-wide health concern, the Supreme Court has

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7    or in writing").

8         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9    and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

10   justice continuances are excludable only if "the judge granted such continuance on the basis of his

11   findings that the ends of justice served by taking such action outweigh the best interest of the public and

12   the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

13   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

14   the ends of justice served by the granting of such continuance outweigh the best interests of the public

15   and the defendant in a speedy trial."  *Id.*

16         The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

17   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

21   recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

22   *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

23   following the September 11, 2001 terrorist attacks and the resultant public emergency).

24         The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

25   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

26   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

27   continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

28   1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on July 13, 2022.

2. By this stipulation, defendants now move to continue the status conference until September 28, 2022, and to exclude time between July 13, 2022, and September 28, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, laboratory reports, extensive audio footage, and transcripts. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to consult with their clients, conduct investigation and research related to the charges, and to review and copy discovery for this matter.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence.

        d)      The government does not object to the continuance.

        e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 13, 2022 to September 28, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

    4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated:  July 7, 2022

                  PHILLIP A. TALBERT
                  United States Attorney

                  /s/ LAURA JEAN BERGER
                  LAURA JEAN BERGER
                  Assistant United States Attorney

Dated:  July 7, 2022

                  /s/ STEVEN L. CRAWFORD
                  STEVEN L. CRAWFORD
                  Counsel for Defendant
                  JESUS MANUEL MORFIN
                  VILLA

Dated:  July 7, 2022

                  /s/ DAVID A. TORRES
                  DAVID A. TORRES
                  Counsel for Defendant
                  OMAR VAYAS DURAN

## __ORDER__

IT IS SO ORDERED that the status conference is continued from July 13, 2022, to **September 28, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:    __July 8, 2022__                        ____ /s/ *Barbara A. McAuliffe* ____

UNITED STATES MAGISTRATE JUDGE