UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 1:21-cr-00177-KJM-BAM-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Jesus Manuel Morfin Villa, | |
| Defendant. | |

Proceeding pro se, defendant Jesus Manuel Morfin Villa moves the court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of the Sentencing Commission's Amendment 821 to the Sentencing Guidelines. The motion is **denied.**

I.   **BACKGROUND**

On May 1, 2023, defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* Mins. Change of Plea Hr'g, ECF No. 75; Indictment, ECF No. 24. In the presentence investigation report (PSR), the probation officer calculated a total offense level of 35, PSR ¶ 35, ECF No. 82, and criminal history score of four—two for his prior criminal convictions and an additional two points for committing the instant offense while under a criminal justice sentence of probation—resulting in a criminal history category of III, *id.* ¶¶ 44–47. Based on the total offense level of 35 and a criminal history category of III, the guideline range was 210 to 262

1

months. *Id.* ¶ 85. However, the probation officer noted "[a]ccording to the government, [defendant] would be eligible for "safety valve" relief under the First Step Act" and advised the court to consider a two-level downward variance. *Id.* ¶¶ 108–110. With the variance, the total offense level would essentially be 33, resulting in a guideline range of 168 to 210 months. *Id.* ¶ 110. The probation officer also highlighted the effects of Amendment 821, which was not yet in effect at the time of sentencing and noted "the Court may want to consider a variance for overstated criminal history." *Id.* ¶ 111. The probation officer recommended a sentence of 168 months. Sent'g Recommendation, ECF No, 82-1. The then-presiding judge adopted the PSR without change, determined a total offense level of 35 and criminal history category of III, and applied a two-level downward variance under the First Step Act. *See* Statement of Reasons (on file with court). The court sentenced defendant to 168 months of imprisonment and 60 months of supervised release. Mins. Sent'g, ECF No. 85.

Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on the adjustment for zero-point offenders. Mot., ECF No. 96. The government opposes, Opp'n, ECF No. 99.

**II.    LEGAL STANDARD**

In general, a "court may not modify a term of imprisonment once it has been imposed except" in limited circumstances. 18 U.S.C. § 3582(c). One exception is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *Id.* § 3582(c)(2). In such cases, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Thus, the court must engage in a two-step process to determine whether a final sentence should be modified. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court determines whether the defendant is eligible for a sentence modification and the extent to which the reduction is authorized. *Id.* at 827. Second, the court must consider any applicable § 3553(a) sentencing factors and determine whether to exercise its discretion to reduce a sentence. *Id.* In general,

however, the court cannot reduce a defendant's term of imprisonment to a term less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016) ("[I]f the defendant's term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction.").

### III.   ANALYSIS

Amendment 821, which applies retroactively, amends the "status point" provision in the Sentencing Guidelines and adds a "zero-point offender" provision to the Guidelines.

First, Amendment 821 amends section 4A1.1 of the U.S. Sentencing Guidelines to reduce the number of points to add in calculating criminal history if the defendant "committed the instant offense while under any criminal justice sentence," from two points to one point if the defendant received seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e); Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534-02 (Sept. 1, 2023); U.S.S.G. Amend. 821. The Amendment also eliminates status points, which are defined as additional criminal history points given to defendants for committing the instant offense while under any criminal justice sentence, for defendants who have six or fewer criminal history points. *See id.*

Defendant is not entitled to a reduction in sentence under the amended status point provision because his current sentence is below the low end of the amended guideline range. Defendant received two additional criminal history points for committing his offense while under a criminal justice sentence, yielding a criminal history score of four, and establishing a criminal history category of III. PSR ¶¶ 44–47. Amendment 821 lowers defendant's criminal history score to two, reducing his criminal history category from III to II. With a total offense level of 35, Amendment 821 lowers his guideline range from 210 to 262 to 188 to 235. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table); *see Ornelas*, 825 F.3d 548, 552–54 (courts must calculate applicable guideline range "pre-variance" and "pre-departure"). As noted, defendant is currently serving a 168-month sentence. Unless an exception applies for substantial assistance, the court cannot reduce a defendant's term of imprisonment to a term less than the low end of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Avila*, No. 21-02996, 2024

WL 1056020, at *3 n.1 (S.D. Cal. Mar. 8, 2024).  No exception applies here.  Because defendant's current sentence is below the low end of the amended guideline range, defendant is ineligible for a further reduction in sentence.  *See, e.g.*, *United States v. Campos*, No. 17-01731, 2024 WL 1470529, at *2 (S.D. Cal. Apr. 4, 2024) (holding similarly and collecting authority).

Second, Amendment 821 provides for a two-level reduction in the offense level of certain zero-point offenders, meaning defendants who received zero criminal history points.  *See United States v. Hoffman*, No. 08-00027, 2024 WL 870335, at *2 (D. Nev. Feb. 28, 2024); U.S.S.G. § 4C1.1.  A defendant is entitled to a reduction under the zero-point offender provision if the defendant meets all criteria listed in that section, including "the defendant did not receive any criminal history points[.]"  U.S.S.G. § 4C1.1(a)(1).

Defendant is not entitled to a reduction in sentence under the zero-point offender provision because defendant received criminal history points.  Even if Amendment 821 lowered defendant's criminal history score from four to two, defendant received two criminal history points for his prior criminal convictions.  *See* PSR ¶ 44.  Because he does not satisfy all the criteria listed in § 4C1.1, he is ineligible for a sentence reduction on these grounds.  *See, e.g.*, *United States v. Aguilar*, No. 13-00296, 2024 WL 1521382, at *2 (E.D. Cal. Apr. 8, 2024).

## IV. CONCLUSION

For the reasons above, defendant's motion for a reduction in sentence is **denied**.

This order resolves ECF No. 96.

IT IS SO ORDERED.

DATED:  June 25, 2024.

CHIEF UNITED STATES DISTRICT JUDGE